IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TODD KENNETH WOODY,

    Plaintiff,

v.

                              Civil Action No.: JKB-24-3785

WARDEN CARLOS BIVENS,

    Defendant.

**MEMORANDUM AND ORDER**

Pending is self-represented Plaintiff Todd Kenneth Woody's Motion for Preliminary Injunction and Temporary Restraining Order. (ECF No. 7.) Plaintiff states that he "is currently being housed in a double cell with a[n] inmate that smokes K-2 all day and night and this is causing plaintiff to suffer from well over 18 to 20 respiratory attacks a day, Plaintiff suffers from both Asthma and C.O.P.D. as well does have sleep APNEA." (*Id.* at 2.) Plaintiff also expressed concern that he would be in danger in general population due to past attacks by correctional staff and gang members. (*Id.* at 2–3.) Plaintiff, currently incarcerated at Roxbury Correctional Institution ("RCI"), seeks placement in protective custody at Eastern Correctional Institution ("ECI") with single cell status. (*Id.* at 3.) Defendants were directed to respond to Plaintiff's Motion, specifically his claim that he was being exposed to second-hand smoke and suffering repeated asthma attacks. (ECF No. 9.) Defendants did so. (ECF No. 14.) For the reasons stated below, Plaintiff's Motion for Preliminary Injunction will be denied.

Plaintiff also filed Motions for Appointment of Counsel, and for "Application of Liberal Rules of Construction," (ECF No. 15). The Motions will be denied as set forth below.

Finally, Plaintiff's Amended Complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim. Plaintiff will be provided with

an opportunity to file a second amended complaint to correct the deficiencies noted below.

### A.  Motion for Preliminary Injunction and Temporary Restraining Order

In his Motion for Preliminary Injunction and Temporary Restraining Order, Plaintiff makes several allegations regarding his having been transferred from ECI to RCI, including alleged threats from staff and gang members. (ECF No. 7.) However, Plaintiff did not make claims of any specific threats against him. (*Id.*) Plaintiff also alleged that he is being housed at RCI in a cell with a cellmate who smokes constantly, causing Plaintiff to experience repeated asthma and other respiratory attacks due to his asthma, COPD, and sleep apnea. (*Id.* at 2.) Because it appeared that Plaintiff's health and safety may have been in immediate danger from smoke inhalation, the Court directed Defendants to respond to the allegations of constant smoke exposure. (ECF No. 9.) Defendants responded to the Court's Order, arguing that the Motion should be denied. (ECF No. 14.) Plaintiff did not file anything in opposition to Defendants' response arguing that his Motion be denied.

To obtain a TRO, the plaintiff must "establish that [1] he is likely to succeed on the merits, [2] he is likely to suffer irreparable harm in the absence of preliminary relief, [3] the balance of equities tips in his favor, and [4] an injunction is in the public interest." *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *see Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011). As a TRO is "an extraordinary remedy," it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

To meet the first requirement, the plaintiff must "clearly demonstrate that he will *likely succeed* on the merits," rather than present a mere "grave or serious question for litigation." *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009). Simply "providing sufficient factual allegations to meet the [Fed. R. Civ. P.] 12(b)(6) standard of *Twombly*

and *Iqbal*" does not meet the rigorous standard required under the *Winter* and *Real Truth* decisions. *Allstate Ins. Co. v. Warns*, No. CCB-11-1846, 2012 WL 681792, at *14 (D. Md. Feb. 29, 2012). To establish irreparable harm, the plaintiff must show that he is suffering actual and imminent harm, not just a mere possibility, and that harm is truly irreparable and cannot be remedied at a later time with money damages. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). Irreparable harm "is suffered when monetary damages are difficult to ascertain or are inadequate." *Multi–Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 22 F.3d 546, 551 (4th Cir. 1994) (quoting *Danielson v. Local 275*, 479 F.2d 1033, 1037 (2nd Cir. 1973)). When a TRO will "adversely affect a public interest . . . the court may . . . withhold relief until a final determination of the rights of the parties, though the postponement may be burdensome to the plaintiff." *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 312–13 (1982). In fact, "courts . . . should pay particular regard for the public consequences in employing th[is] extraordinary remedy." *Id.* at 312. In addition to the public interest determination, the balance of equities must tip in favor of the movant in order for a TRO to be granted. *Winter*, 555 U.S. at 20. Not only must courts weigh any potential harm to the nonmoving party, but also the chance of harm to any interested person, as well as any potential harm to the public. *Continental Group Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 356–57 (3d Cir. 1980).

Here, Defendants argue that injunctive relief is not warranted because Plaintiff has not made a showing of any of the four *Winter* factors. (ECF No. 14 at 5–9.) Specifically, Defendants argue that Plaintiff's claims are moot as he has been moved to a different housing unit with a different cellmate and provided additional medication for his asthma symptoms. (*Id.* at 5.) In support, Defendants submit the Declaration of Jamie Hudson, Correctional Case Management Specialist II at RCI. (ECF No. 14-1.) Hudson explains that on "February 22, 2025, Mr. Woody

3

was moved to a double cell (2A37A) in Housing Unit 2. At that time, Mr. Woody received a new cellmate and was no longer housed with his cellmate from Housing Unit 1. As of March 21, 2025, Mr. Woody was still assigned to cell 2A37A with the same cellmate he received on February 22, 2025." (*Id.* at ¶ 10.) Defendants also submitted Plaintiff's medical records, showing that he saw a provider on March 4, 2025, complaining of worsening asthma symptoms due to smoke in the housing unit. (ECF No. 14-2 at 3.) He was prescribed Singulair on that date for his asthma. (*Id.* at 8.)

The Court agrees that Plaintiff has not made an adequate showing of the *Winter* factors to demonstrate that the injunctive relief requested should be granted. Most importantly, it is clear that Plaintiff is not at risk of suffering irreparable harm, as the exposure to secondhand smoke was rectified when he was moved to a different housing unit with a different cellmate. Additionally, he was provided with medical care, including additional prescription medication, for his asthma symptoms. The record does not show that Plaintiff is at risk of irreparable harm, as he has been removed from the problematic smoke and provided medical attention. Therefore, Plaintiff's motion shall be denied.

**B.     Additional Motions**

Also pending are Plaintiff's Motion to Appoint Counsel (ECF No. 15) and Motion for Application of Rules of Liberal Construction (ECF No. 16). Plaintiff's Motion to Appoint Counsel shall be denied without prejudice for the reasons stated in the Court's previous Order denying his first motion seeking appointment of counsel. (*See* ECF No. 9 at 2.) As explained in the Court's previous Order, a federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch*

4

*v. Cole*, 686 F.2d 264 (5th Cir. 1982). While Plaintiff states that he requires counsel to participate in discovery, it has not yet been determined whether discovery will be necessary to the disposition of the case. The motion is denied without prejudice.

Plaintiff's "Motion for Application of Rules of Liberal Construction" asks that the Court "not penalize him for any mistakes, procedural or otherwise which Plaintiff may commit." (ECF No. 16.) A federal court is required to liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff's motion is unnecessary and shall therefore be denied. Plaintiff is advised to refrain from filing additional unnecessary and inappropriate motions. Such extraneous motions clutter the docket, waste judicial resources, and prevent efficient disposition of cases.

### C.  Plaintiff's Complaint and Amended Complaint

28 U.S.C. §§ 1915(e)(2)(B) and 1915A require the Court to conduct an initial screening of the complaint and to dismiss any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see also Lomax v. Ortiz-Marquez*, 590 U.S. ___, 140 S.Ct. 1721 (2020). For the reasons stated below, Plaintiff's Complaint, as amended, is subject to dismissal for failure to state a claim.

Plaintiff initially filed correspondence, which the Court construed as a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff subsequently filed an Amended Complaint. (ECF No. 4.) Both documents contain a confusing variety of allegations, name only one Defendant, Warden Carlos Bivens, and fail to explain precisely how Plaintiff alleges his constitutional rights were violated and by whom. In addition to being exposed to secondhand smoke by his cellmate, the Amended Complaint alleges that Plaintiff was threatened and retaliated

against by unnamed case managers upon his arrival at RCI. (*Id.* at 5.) Additionally, Plaintiff alleges that he was physically and sexually assaulted by correctional staff in 2021 while housed at Maryland Correctional Institution – Hagerstown (MCI-H). (*Id.*) He alleges that the attack was ordered by Assistant Warden Hall, who he believes may work at RCI; therefore, he states that he believes he is "in danger in the Hagerstown area." (*Id.*) An attachment provides additional details regarding Plaintiff's concerns about safety and secondhand smoke, however Plaintiff still does not name any case manager or other prison staff whom he claims violated his constitutional rights. (ECF No. 4-1 at 3–7.) The attachment also provides further details regarding the alleged assault in 2021 at MCI-H and regarding his claims of retaliation, but again, it is unclear whom he intends to claim violated his constitutional rights and how.

The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). Conditions of confinement that "involve wanton and unnecessary infliction of pain," or which "deprive inmates of the minimal civilized measure of life's necessities," may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, conditions that are merely restrictive or even harsh "are part of the penalty that criminal offenders pay for their offenses against society." *Id.* To establish the imposition of cruel and unusual punishment in conditions of confinement, a prisoner must prove two elements: that "'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that *subjectively* the officials act[ed] with a sufficiently culpable state of mind.'" *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (citation omitted).

The objective prong of a conditions claim requires the prisoner to "'produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or

6

demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Shakka*, 71 F.3d at 166 (quoting *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993)). To establish a sufficiently culpable state of mind, there must be evidence of deliberate indifference such that a known excessive risk of harm to the inmate's health or safety was disregarded. *See Wilson v. Seiter*, 501 U.S. 294, 302–303 (1991) (applying the deliberate indifference standard to conditions of confinement claims).

"Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights." *ACLU of Maryland, Inc. v. Wicomico Cnty., Md.*, 999 F.2d 780, 785 (4th Cir. 1993) (citing *Perry v. Sindermann*, 408 U.S. 593, 597 (1972)). A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 285–87 (1977); *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (*en banc*). A prisoner's clearly established rights are violated when a prison official retaliates against an inmate for filing a grievance. *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 546 (4th Cir. 2017). In order to prevail on a claim of retaliation, Plaintiff must demonstrate (1) he engaged in protected First Amendment activity, (2) defendants took action that adversely affected him, and (3) a causal relationship between the protected activity and the defendant's conduct. *See Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017).

Because Plaintiff proceeds pro se, and has potentially cognizable claims, he will be afforded an opportunity to file an amended complaint to provide additional facts supporting his claims and to name appropriate defendants. *See Johnson v. Silvers*, 742 F.2d 823, 825 (4th Cir. 1984). In drafting his second amended complaint, Plaintiff should, to the best of his ability, provide the dates and locations of the relevant events; identify and name as defendants the

individuals involved; describe the actions or omissions made by each defendant which contributed to the constitutional violation; describe what, if any, harm he suffered as a result of defendants' misconduct; and list the precise relief requested. Plaintiff should limit his second amended complaint to claims regarding conditions and retaliation at RCI. Any claims regarding the alleged assault at MCI-H in 2021 will not be considered in this action and may be pursued separately.

The proposed second amended complaint must conform to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint include a short and plain statement of the claim that shows the plaintiff is entitled to relief such that the defendant is fairly placed on notice of the claim and the "grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(d)(1) requires that complaint allegations must be "simple, concise, and direct." A complaint that includes only legal conclusions, labels, or a formulaic recitation of the elements of a cause of action, does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 10(a) requires that the complaint identify each defendant allegedly responsible for the wrongdoing. *See* Fed. R. Civ. P. 10(a).

Plaintiff is reminded that the second amended complaint will replace the current Amended Complaint. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint)). Accordingly, Plaintiff must include all allegations against each of the Defendants he names so that the second amended complaint stands alone as the sole complaint in this case. Last, Plaintiff is warned that failure to file a second amended complaint consistent with this order may result in the dismissal of the case with prejudice. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and

8

1915A(b)(1). If Plaintiff, while incarcerated, has three such actions or appeals dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1), his right to file a complaint in federal court without first paying the filing fee ($405) will be greatly curtailed. *See* 28 U.S.C. § 1915(g).

Accordingly, it is ORDERED that:

1. Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 7) is DENIED;

2. Plaintiff's Motion to Appoint Counsel (ECF No. 15) is DENIED without prejudice;

3. Plaintiff's Motion for Application of Rules of Liberal Construction (ECF No. 16) is DENIED;

4. Plaintiff is granted leave to file an amended complaint as directed above within 28 days of the date of this Order;

5. The Clerk SHALL send to Plaintiff a copy of this Order, a copy of the original Complaint, the Amended Complaint, and a blank civil rights complaint form with included instructions; and

6. Plaintiff is FOREWARNED that:

    a. The amended complaint must meet the directions of this Order, or the amended complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); and

    b. If the amended complaint is not timely filed, this case will be dismissed for failure to comply with this order without further notice.

Dated this 24 day of June, 2025.

FOR THE COURT:

_____
James K. Bredar
United States District Judge